IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| | : | |
| **MOSES JOE ADIEU,** | : | CASE NO. **16-65847-WLH** |
| | : | |
| Debtor. | : | |
| _____ | : | _____ |
| MB FINANCIAL BANK, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| MOSES JOE ADIEU, Debtor; and | : | |
| TAMARA MILES OGIER, Trustee, | : | |
| | : | |
| Respondents. | : | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that **MB Financial Bank** has filed a Motion for Relief from Automatic Stay and related papers with the Court seeking an order of relief from the Automatic Stay.

**PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion for Relief from Automatic Stay, in Courtroom 1403, The Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia at 9:30 a.m. on October 20, 2016.**

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings, or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is

received by the Clerk at least two business days before the hearing. The address for the Clerk's Office is: Clerk, United States Bankruptcy Court, Room 1340, U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

IF THE MOTION IS FOR RELIEF FROM STAY, and a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consent to the automatic stay remaining in effect until the Court orders otherwise.

Dated: September 28, 2016

Signature: /s/Philip L. Rubin
Philip L. Rubin
5555 Glenridge Connector
Suite 900
Atlanta, Georgia 30342
(404) 869-6900
prubin@lrglaw.com
Bar Number 618525

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| | : | |
| **MOSES JOE ADIEU,** | : | CASE NO. **16-65847-WLH** |
| | : | |
| Debtor. | : | |
| ——————————— | : | ——————————— |
| MB FINANCIAL BANK, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| MOSES JOE ADIEU, Debtor; and | : | |
| TAMARA MILES OGIER, Trustee, | : | |
| | : | |
| Respondents. | : | |
| | : | |
| | : | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES MB FINANCIAL BANK (the "Movant") and moves this Court for relief from the automatic stay and shows the Court as follows:

1.

On September 7, 2016, Moses Joe Adieu ("Debtor") filed a Voluntary Petition pursuant to 11 U.S.C. Chapter 7, and said case is pending before this Court.

2.

Movant has a net claim in this case secured by a first priority lien against Debtor's vehicle, to wit: 2013 Can AM Spyder RT-S SE5 (the "Collateral"). The payoff as of September 20, 2016 is $32,077.86. Loan documents supporting the claim are served herewith on the parties. As of September 20, 2016, the loan is due for the October 25, 2014 payment and subsequent payments for a total delinquency of $12,731.10.

3.

Movant does not have proof of insurance protecting its interest in the Collateral or has been advised that there is no insurance in force.

4.

Debtor does not have equity in the Collateral and the Collateral is not necessary to a reorganization that is in prospect. There is no equity in the Collateral to benefit the estate and the Trustee's interest should be abandoned.

5.

Cause exists including the lack of adequate protection to grant Movant relief from the automatic stay so as to authorize Movant to recover and dispose of the Collateral. Movant requests the right to file an amended proof of claim after liquidation of the Collateral.

6.

Movant requests that Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant prays that this Court:

(a) Hold a hearing pursuant to this Motion within thirty (30) days as is required under 11 U.S.C. Section 362(e);

(b) Grant Movant relief from the automatic stay under 11 U.S.C. Section 362(d) so as to allow Movant to recover and dispose of the Collateral and to apply the net proceeds generated therefrom to its claim in this case, and if the disposition results in a deficiency, amend its claim filed in this case, subject to objection;

(c) Rule 4001(a)(3) be waived; and

(d) Grant such other and further relief as the Court deems to be just and proper.

This September 28, 2016.

                                          The Law Office of
                                          LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                                          Attorneys for Movant

                                          By:/s/ Philip L. Rubin
                                              Philip L. Rubin
                                              Georgia State Bar No. 618525

5555 Glenridge Connector, Suite 900
Atlanta, Georgia 30342
(404) 869-6900
prubin@lrglaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE | CHAPTER 7 |
| **MOSES JOE ADIEU,** | CASE NO. **16-65847-WLH** |
| Debtor. | |
| MB FINANCIAL BANK, | |
| Movant, | |
| v. | CONTESTED MATTER |
| MOSES JOE ADIEU, Debtor; and TAMARA MILES OGIER, Trustee, | |
| Respondents. | |

## CERTIFICATE OF SERVICE

The undersigned, Philip L. Rubin, hereby certifies that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that I served the MOTION FOR RELIEF FROM AUTOMATIC STAY and NOTICE OF HEARING on the following parties 1) electronically, if allowed by and pursuant to the requirements of local rule, or 2) by depositing same in the United States Mail in properly addressed envelope(s) with adequate postage to all others, as follows:

Moses Joe Adieu
60 Arcado
Lilburn, GA 30047

Craig Z. Black
The Semrad Law Firm, LLC
Sterling Point II
303 Perimeter Center North
Suite 201
Atlanta, GA 30346

Tamara Miles Ogier
Chapter 7 Trustee
170 Mitchell Street SW
Atlanta, GA 30303

This September 28, 2016.

                            The Law Office of
                            LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                            Attorneys for Movant

                            By: /s/ Philip L. Rubin
                                  Philip L. Rubin
                                  Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia 30342
(404) 869-6900
prubin@lrglaw.com

**dealertrack technologies**

title management system
MB Financial Bank

Search  Work Queues  Reports  Utilities  User Setup

Home  Help  Resources  Contact  Log out

No Account

| Account | Actions |
|---|---|
| No account is currently associated with this title. | |

| Title | Actions |
|---|---|
| VIN/HIN: 2BXNBBC1ADV000182  State: GA  Title Number: 779359132173963 | Title-Electronic |
| Year: 2013  Make/Builder: CANA  Model: | |

Owner(s): MOSES JOE ADIEU          Closed Date:
Lienholder: MB FINANCIAL BANK NA   Closed Reason:
Match Type:                        Document Location:
Match Date:                        State Cancel Reason:
Issuance Date: 8/17/2013
Imported Date: 8/17/2013

Notes (Date/Time stamps in this section reflect Pacific Time)        Add Note

⦿ Show All   ○ Show User Notes Only   ○ Show Activity History Only

| Date | User | Context | Activity | Note |
|---|---|---|---|---|
| 08/17/2013 08:53 AM | System | State Import | Create Title | Received electronic document from State. |

**dealertrack technologies**

title management system
MB Financial Bank

Search   Work Queues   Reports   Utilities   User Setup

Home  Help  Resources  Contact  Log out

No Account

| Account | Actions |

No account is currently associated with this title.

| Title | Actions |

VIN/HIN: 2BXNDDC14DV000182   State: GA   Title Number: 779359132173963
Year: 2013   Make/Builder: CANA   Model:

Title-Electronic

| Name | Address | Lienholder ID | Lien Date |
|---|---|---|---|
| MB FINANCIAL BANK NA | | 573 | |

Notes (Date/Time stamps in this section reflect Pacific Time)     Add Note

⊙ Show All   ○ Show User Notes Only   ○ Show Activity History Only

| Date | User | Context | Activity | Note |
|---|---|---|---|---|
| 08/17/2013 08:53 AM | System | State Import | Create Title | Received electronic document from State. |

GA-102 2/11/2013

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary No. | |
|---|---|---|---|
| Mountain Motorsports<br>780 COBB PKWY SOUTH<br>Marietta, GA 30060 | MOSES JOE ADIEU<br>508 COLE DR<br>LILBURN, GA 30047 | Date | 7/26/2013 |

☐ Business, commercial or agricultural purpose Contract.

## Truth-In-Lending Disclosure

| Annual Percentage Rate<br>The cost of your credit as a yearly rate. | Finance Charge<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid when you have made all scheduled payments. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 0.00 |
|---|---|---|---|---|
| 6.99 % | $ 7,905.12 | $ 33,332.88 | $ 41,238.00 | $ 41,238.00 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 75 | $ 549.84 | Monthly beginning 8/25/2013. |
| 0 | $ 0.00 | NOT APPLICABLE |
| 0 | $ 0.00 | NOT APPLICABLE |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of the lesser of 5% of the unpaid amount of the payment due or $50.00.

**Prepayment.** If you pay off this Contract early, you ☐ may ☒ will not have to pay a Minimum Finance Charge.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2013 | CAN AM | SPYDER RT-S SE5 | TOURING | 2BXNBBC14DV000182 | 1 |

☒ New ☐ Used ☐ Demo    Other:
2013 CAN AM SPYDER RT-S SE5 TOURING 2BXNBBC14DV000182

## Description of Trade-In

maturity. Finance charges accrue on a ___Actual/365___ day basis. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at 6.99 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the Truth-In-Lending Disclosure. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

## Conditional Delivery

☐ Conditional Delivery. If checked, you agree that the following agreement regarding securing financing ("Agreement") applies: _____

_____. The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the Itemization of Amount Financed.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

☐ Additional Charge. You agree to pay an additional charge of $ 0.00 that will be ☐ paid in cash. ☐ financed over the term of the Contract.

## Sales Agreement

Payment. You promise to pay us the principal amount of
$ 33,332.88 plus finance charges accruing on the unpaid balance at the rate of 6.99 % per year from the date of this Contract until

☐ Minimum Finance Charge. You agree to pay a minimum finance charge of
$ 0.00 if you pay this Contract in full before we have earned that much in finance charges.

Retail Installment Contract-GA Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1996, 2010

RSSIMVLFCZGA 2/11/2013
_MA_ Page 1 of 5
Customers Initial Here

## Itemization of Amount Financed

| | |
|---|---:|
| a. Cash Price of Vehicle, etc. (incl. tax of $ 1,852.88 ) | $ 31,437.88 |
| b. Trade-in allowance | $ 0.00 |
| c. Less: Amount owing, paid to (includes k): N/A | $ 0.00 |
| d. Net trade-in (b-c; if negative, enter $0 here and enter the amount on line k) | $ 0.00 |
| e. Cash payment | $ 0.00 |
| f. Manufacturer's rebate | $ 0.00 |
| g. Deferred down payment | $ 0.00 |
| h. Other down payment (describe) N/A | $ 0.00 |
| i. Down Payment (d+e+f+g+h) | $ 0.00 |
| j. Unpaid balance of Cash Price (a-i) | $ 31,437.88 |
| k. Financed trade-in balance (see line d) | $ 0.00 |
| l. Paid to public officials, including filing fees | $ 69.00 |
| m. Insurance premiums paid to insurance company(ies) | $ 0.00 |
| n. Service Contract, paid to: INTERSTATE STARSPORT | $ 1,397.00 |
| o. Tire & Wheel Protection paid to POWER GAURD | $ 429.00 |
| p. N/A | $ 0.00 |
| q. N/A | $ 0.00 |
| r. N/A | $ 0.00 |
| s. N/A | $ 0.00 |
| t. N/A | $ 0.00 |
| u. Total Other Charges/Amts Paid (k thru t) | $ 1,895.00 |
| v. Prepaid Finance Charge | $ 0.00 |
| w. Amount Financed (j+u-v) | $ 33,332.88 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below only the coverages you have chosen to purchase.

**Credit Life**
☐ Single  ☐ Joint  ☒ None
Premium $ 0.00    Term N/A
Insured N/A

**Credit Disability**
☐ Single  ☐ Joint  ☒ None
Premium $ 0.00    Term N/A
Insured N/A

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _MOSES JOE ADIEU_    DOB ▮

---

_____ N/A
By: N/A                    DOB

_____ N/A
By: N/A                    DOB

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ $500.00 . If you get insurance from or through us you will pay $ 0.00 for N/A of coverage.

This premium is calculated as follows:

☐ $ 0.00    Deductible, Collision Cov. $ 0.00
☐ $ 0.00    Deductible, Comprehensive $ 0.00
☐           Fire-Theft and Combined Additional Cov. $ 0.00
☐ N/A       $ 0.00

Liability insurance coverage for bodily injury and property damage caused to others is not included in this Contract unless checked and indicated.

☐ **Single-Interest Insurance.** You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ 0.00 for N/A of coverage.

[This area intentionally left blank.]

---

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

[X] **Service Contract**

| | |
|---|---|
| Term | 60 months |
| Price | $ 1,397.00 |
| Coverage | as per Vehicle Service Contract |

[ ] **Gap Waiver or Gap Coverage**

| | |
|---|---|
| Term | N/A |
| Price | $ 0.00 |
| Coverage | N/A |

[X] **Tire & Wheel Protection**

| | |
|---|---|
| Term | 60 months |
| Price | $ 429.00 |
| Coverage | as per Tire & Wheel Protection Contract |

_____  7/26/2013
By: MOSES JOE ADIEU         Date

_____  N/A
By: N/A                    Date

_____  N/A
By: N/A                    Date

## Additional Terms of the Sales Agreement

**Definitions.** "Contract" refers to this Retail Installment Contract and Security Agreement. The pronouns "you" and "your" refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns "we", "us" and "our" refer to the Seller and any entity to which it may transfer this Contract. "Vehicle" means each motor vehicle described in the Description of Property section. "Property" means the Vehicle and all other property described in the Description of Property and Additional Protections sections.

**Purchase of Property.** You agree to purchase the Property from us, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the Description of Property section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The "Total Sale Price" is the total price of the Property if you buy it over time.

**General Terms.** The Total Sale Price shown in the Truth-In-Lending Disclosure assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. See *Minimum Finance Charge* section. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a fee of $30.00 or 5% of the face amount of the instrument, whichever is greater, plus the amount of any fees charged to the holder of the instrument by a bank or financial institution as a result of the instrument not being honored, after we provide any demand or notice required by law.

**Governing Law and Interpretation.** This Contract is governed by the law of Georgia and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** From time to time you agree we may monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

- You fail to perform any obligation that you have undertaken in this Contract.
- We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees after default and referral to an attorney not a salaried employee of ours. The maximum attorneys' fees you will pay will be 15% of the amount you owe.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

- We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
- We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.
- We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
- We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.
- We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.
- Except when prohibited by law and after we provide any required notices, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in

Retail Installment Contract-GA Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1990, 2010

RSIMVLFLZGA 2/11/2013
M A   Page 3 of 5
Customers Initial Here

our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property, and we will give you any notice(s) required by law before we dispose of the property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

Obligations Independent. Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

- You must pay this Contract even if someone else has also signed it.
- We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
- We may release any security and you will still be obligated to pay this Contract.
- If we give up any of our rights, it will not affect your duty to pay this Contract.
- If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

Warranty. Warranty information is provided to you separately.

### Security Agreement

Security. To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

Duties Toward Property. By giving us a security interest in the Property, you represent and agree to the following:

- You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
- You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.
- You agree not to remove the Property from the U.S. without our prior written consent.
- You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.
- You will pay all taxes and assessments on the Property as they become due.
- You will notify us with reasonable promptness of any loss or damage to the Property.
- You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

Agreement to Provide Insurance. You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the *Payment* section until paid in full.

Gap Waiver or Gap Coverage. In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

### Notices

NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Si compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.

### Third Party Agreement

In this section only, "you" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

NOT APPLICABLE

| By: NOT APPLICABLE | N/A |
|---|---|
|  | Date |

[This area intentionally left blank.]

Retail Installment Contract-GA Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1996, 2010

RSSIMVLFLZGA 2/11/2013
MA
Page 4 of 5
Customers Initial Here

### Signature Notices

The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.

### Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

_____  7/26/2013
By: MOSES JOE ADIEU              Date

_____  N/A
By: N/A                          Date

_____  N/A
By: N/A                          Date

**Assignment.** This Contract and Security Agreement is assigned to MB Financial Bank, PO Box 5191, Des Plaines, IL 60017-5191, the Assignee, phone ____. Is assignment is made under the terms of a separate agreement made between the Seller and Assignee. ☐ This Assignment is made with recourse.

Seller

_____  7/26/2013
By: Mountain Motorsports         Date

Notice to Buyer. 1. Do not sign this Contract before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the Contract you sign.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

Buyer

_____  7/26/2013
By: MOSES JOE ADIEU              Date

_____  N/A
By: N/A                          Date

_____  N/A
By: N/A                          Date

Seller

_____  7/26/2013
By: Mountain Motorsports         Date

Retail Installment Contract-GA Not for use in transactions secured by a dwelling.
Bankers Systems™
Wolters Kluwer Financial Services © 1995, 2010

RSSIMVLFLZGA 2/11/2013
MA    Page 5 of 5
Customers Initial Here